**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Petramala, | No. CV-18-03000-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Richard Connelly, et al., | |
| Defendants. | |

Pending before this Court is Plaintiff's Motion for Reconsideration (Doc. 19). Plaintiff seeks reconsideration of the dismissal order (Doc. 18). The case was dismissed because Plaintiff failed to complete timely service. However, prior to the case being reassigned to this division, the Amended Complaint (Doc. 8) was never screened, as required by 28 U.S.C. § 1915(e)(2)(B). The Court will grant Plaintiff's Motion for Reconsideration and reinstate the case for screening.

## I. Legal Standards

The Court must review the complaint to determine whether the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party

> claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

## II. Statutory Screening

In the First Amended Complaint (Doc. 8, "FAC"), Plaintiff argues that *Defendants* have failed to grant and enforce an ADA Reasonable Accommodation to stop smoke and drug fumes from entering the rental apartment. (FAC at 1:17–18). Next, he argues that *Defendants* failed to grant an allowance for auto repairs on the property as ADA Reasonable Accommodation. (FAC at 1:22–23). Finally, Plaintiff argues that *Defendants* retaliated against Plaintiff for filing an ADA complaint. (FAC at 1:25–26).

In the present case, the Court finds that Plaintiff's allegations fail to state a claim for relief against Defendants. The FAC is deficient because, as noted in the italicized language above, it repeatedly lumps together all of the defendants as a collective whole—

"Defendants"—without specifically alleging the role that each defendant played in causing Plaintiff's alleged injury. *See, e.g.*, *Dickenson v. Haga*, Case No. EDCV 18-2464-DOC (KK), 2019 WL 416720, at *3 (C.D. Cal. Jan. 31, 2019) (dismissing complaint at the screening stage because "Plaintiff merely sets forth allegations as to actions taken by 'Defendants' as a collective group"). "Absent specific allegations identifying what actions each defendant took against Plaintiff and how such actions violated Plaintiff's rights, the Complaint fails to provide Defendants with fair notice of Plaintiff's claims or the grounds upon which they rest. As such, Plaintiff's claims against each individual defendant are subject to dismissal." *Id.* (internal citation omitted); *see De Cambra v. Sakai*, Civil No. 14-00279 DKW-BMK, 2014 WL 3108002, at *4 (D. Haw. July 7, 2014) ("Plaintiff simply . . . concludes that all Defendants, without differentiation, are liable to him for these alleged deprivations. . . . To state a claim, Plaintiff must demonstrate that each Defendant was personally involved in the alleged deprivations of his constitutional rights. . . . While Plaintiff's Complaint suggests that at least some of the conditions of confinement in [Saguaro Correctional Center] segregation may be unlawful, . . . it contains no facts showing that any particular Defendant acted unlawfully . . . . [Thus, it] stops short of the line between possibility and plausibility of entitlement to relief.") (internal citations and quotation marks omitted); *Harris v. Wells Fargo Bank, N.A.*, No. 2:11-cv-03279-MCE-KJN, 2011 WL 6294249, at *2 (E.D. Cal. Dec. 13, 2011) ("Plaintiffs allegations fail to satisfy the liberal pleading standards as set forth in [*Twombly*] and [*Iqbal*]. Throughout the Complaint, Plaintiff[']s allegations are confusing and conclusory, directed generally at multiple Defendants without differentiating between the actions of one defendant and another."); *Corazon v. Aurora Loan Services, LLC*, No. 11-00542 SC, 2011 WL 1740099, at *4 (N.D. Cal. May 5, 2011).

Additionally, Plaintiff does not provide facts to support his causes of action. Plaintiff must state factual allegations and explain how those allegations establish a violation of a relevant legal authority. In short, Plaintiff must show he is entitled to relief. He has not done so here. For this reason, the Court finds that Plaintiff's complaint fails to

state a claim upon which relief may be granted.

### III. Leave to Amend

In accordance with the well-settled law in this Circuit, however, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will give him the opportunity to do so. *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014); *see* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]"); *Lopez v. Smith*, 203 F.3d 112, 1131 (9th Cir. 2000) (en banc) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint) (internal quotation marks and citations omitted). Plaintiff's complaint must be amended to address the deficiencies identified above. Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).

Within thirty (30) days from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

### IV. Warning

Plaintiff is advised that if he elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Ghazali*

*v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal when based on a plaintiff's failure to follow a Nevada district court local rule requiring him to file a memorandum of points and authorities in opposition to a motion).

Accordingly,

**IT IS ORDERED** that Plaintiff's First Amended Complaint (Doc. 8) is dismissed with leave to file a Second Amended Complaint within thirty (30) days of the date this Order is entered;

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Second Amended Complaint within thirty (30) days of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court; and

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a Second Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 1st day of May, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge